IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JENNIFER and SLADE PIGGOTT,<br>    Plaintiffs,<br><br>v.<br><br>GRAY CONSTRUCTION, INC. *et al.*,<br>    Defendants.<br><br>GRAY CONSTRUCTION, INC.,<br>    Defendant and Third Party Plaintiff,<br><br>v.<br><br>COOPER STEEL<br>FABRICATORS, INC. *et al.*,<br>    Third Party Defendants.<br><br>HWASHIN AMERICA CORPORATION<br>    Intervener Plaintiff,<br><br>v.<br><br>GRAY CONSTRUCTION, INC.,<br>    Intervener Defendant.<br>-----------------------------------------<br>GRAY CONSTRUCTION, INC.,<br>    Plaintiff,<br><br>v.<br><br>HWASHIN AMERICA CORP.,<br>    Defendant. | <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>CASE NO. 2:06-cv-1158-MEF<br><br><br><br><br><br><br><br><br><br><br>CASE NO. 2:07-cv-584-MEF |

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on Defendant Hwashin America Corporation's ("Hwashin's") Motion to Dismiss or, in the Alternative, Motion to Consolidate (Doc. # 6).[1] The case involves the collapse of the roof of a building at Hwashin's manufacturing facility in Greenville, Alabama. In 2003, Plaintiff Gray Construction, Inc. ("Gray") entered into a contract with Hwashin to design and build Hwashin's facility. On October 17, 2006, the roof of the administrative building collapsed. Later that day, Hwashin asked Gray to perform emergency repairs. On November 29, 2006, Gray submitted an invoice to Hwashin related to the repair work. Neither Hwashin nor its property insurer paid the invoice. Hwashin argues that it does not have to pay because Gray was responsible for the roof collapse because of its negligent design of the building.

Another case involving these parties and the same roof collapse is before this Court. In *Piggot v. Gray Construction, Inc. et al.*, 06-cv-1158-MEF, an employee of Hwashin, who was injured in the roof collapse sued Gray and three of Gray's subcontractors for her injuries (06-cv-1158, Doc. # 126-2). The employee, Jennifer Piggott, and her husband commenced the suit in Butler County Circuit Court on November 17, 2006. (06-cv-1158, Doc. # 2-2, at 8). The case was removed to this Court on December 29, 2006. (06-cv-1158, Doc. # 2). On May 22, 2007, Hwashin, by and through the Alabama Self-Insured Worker's Compensation Fund ("the Fund"), intervened

---

[1] This case originally was assigned to United States District Judge W. Keith Watkins. It was reassigned to Chief United States District Judge Mark E. Fuller on September 14, 2007. (Doc. # 13).

pursuant to Ala. Code § 25-5-11(a), seeking recovery of its worker's compensation subrogation interest arising from payments the Fund allegedly made to Mrs. Piggott. (06-cv-1158, Doc. # 20).[2]  On June 8, 2007, Gray filed a Third-Party Complaint against Hwashin and Gray's subcontractors and claims that these parties caused the roof collapse. (06-cv-1158, Doc. # 26).  On June 25, 2007, Gray brought this action to recover payment for the post-collapse repairs.

Rule 42(a) allows the Court to consolidate actions pending before it that "involve a common question of law or fact." Fed. R. Civ. P. 42(a).  This rule codifies the district court's "inherent managerial power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (quoting *In re Air Crash Disaster at Florida Everglades*, 549 F.2d 1006, 1012 (5th Cir.1977)). Consolidation under Rule 42(a) is purely within the discretion of the district court, and the court should consider the following factors:

> Whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

---

[2] On June 29, 2007, Hwashin moved for leave to file an Amended Complaint in Intervention. (06-cv-1158, Doc. # 55-1). Hwashin seeks to add claims against Gray and its subcontractors for damage to Hwashin's facility as a result of their allegedly negligent construction. (06-cv-1158, Doc. # 55-2).

*Id.* (quoting *Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir.1982)).

With respect to cases involving Gray and Hwashin, the issue of who caused the roof collapse is central to resolving both disputes. In this case, Hwashin potentially is not liable for the repairs if Gray was responsible for the roof collapse. With respect to Gray's Third Party claims against Hwashin in the *Piggott* case, Hwashin potentially is liable to Gray if Hwashin created a condition that caused the roof collapse. The risk of inconsistent factual findings with respect to the causation of the roof collapse is significant because there are many parties – Gray, Gray's subcontractors, and Hwashin – that could have caused the collapse. The burden on the parties, witnesses, and judicial resources would be significantly greater if the issue of causation had to be determined in two cases because the parties would most likely need expert testimony on technical matters.

Accordingly, it is hereby ORDERED as follows:

(1) Defendant Hwashin America Corporation's ("Hwashin") Motion to Dismiss or, in the Alternative, Motion to Consolidate (Doc. # 6) is GRANTED.

(2) The above-referenced cases are consolidated for all purposes, including trial, pursuant to Rule 42 of the Federal Rules of Civil Procedure. *Piggott et al. v. Gray Construction, Inc. et al.*, 2:06-cv-1158, is hereby designated as the lead case.

(3) The Clerk of the Court is hereby DIRECTED to docket and place of copy of this Memorandum Opinion and Order in both *Piggott et al. v. Gray Construction, Inc. et*

4

*al.*, 2:06-cv-1158, and *Gray Construction, Inc. v. Hwashin America Corporation*, 2:07-cv-584.

(4) All future filings shall bear the consolidated caption on this Memorandum Opinion and Order, but shall only be filed in the lead case, *Piggott et al. v. Gray Construction, Inc. et al.*, 2:06-cv-1158.

Done on this the 25th day of February, 2008.

                                        /s/ Mark E. Fuller
                                CHIEF UNITED STATES DISTRICT JUDGE

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

**1.** **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

(a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

(b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

(c) **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

(d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

(e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).