IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JENNIFER and SLADE PIGGOTT, | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GRAY CONSTRUCTION, INC. *et al.*, | ) | |
|     Defendants. | ) | |
| | ) | |
| GRAY CONSTRUCTION, INC., | ) | |
|     Defendant and Third Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COOPER STEEL | ) | |
| FABRICATORS, INC. *et al.*, | ) | |
|     Third Party Defendants. | ) | |
| | ) | |
| HWASHIN AMERICA CORPORATION | ) | |
|     Intervener Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:06-cv-1158-MEF |
| | ) | |
| GRAY CONSTRUCTION, INC., | ) | |
|     Intervener Defendant. | ) | |
| | ) | |
| ---------------------------------------------------------- | ) | |
| | ) | |
| GRAY CONSTRUCTION, INC., | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:07-cv-584-MEF |
| | ) | |
| HWASHIN AMERICA CORP., | ) | |
|     Defendant. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

This cause is before the Court on Defendant Hwashin America Corporation's ("Hwashin's") Motion to Dismiss or, in the Alternative, Motion to Consolidate (Doc. # 6).[1] The case involves the collapse of the roof of a building at Hwashin's manufacturing facility in Greenville, Alabama. In 2003, Plaintiff Gray Construction, Inc. ("Gray") entered into a contract with Hwashin to design and build Hwashin's facility. On October 17, 2006, the roof of the administrative building collapsed. Later that day, Hwashin asked Gray to perform emergency repairs. On November 29, 2006, Gray submitted an invoice to Hwashin related to the repair work. Neither Hwashin nor its property insurer paid the invoice. Hwashin argues that it does not have to pay because Gray was responsible for the roof collapse because of its negligent design of the building.

Another case involving these parties and the same roof collapse is before this Court. In *Piggot v. Gray Construction, Inc. et al.*, 06-cv-1158-MEF, an employee of Hwashin, who was injured in the roof collapse sued Gray and three of Gray's subcontractors for her injuries (06-cv-1158, Doc. # 126-2). The employee, Jennifer Piggott, and her husband commenced the suit in Butler County Circuit Court on November 17, 2006. (06-cv-1158, Doc. # 2-2, at 8). The case was removed to this Court on December 29, 2006. (06-cv-1158, Doc. # 2). On May 22, 2007, Hwashin, by and through the Alabama Self-Insured Worker's Compensation Fund ("the Fund"), intervened

---

[1] This case originally was assigned to United States District Judge W. Keith Watkins. It was reassigned to Chief United States District Judge Mark E. Fuller on September 14, 2007. (Doc. # 13).

2

pursuant to Ala. Code § 25-5-11(a), seeking recovery of its worker's compensation subrogation interest arising from payments the Fund allegedly made to Mrs. Piggott. (06-cv-1158, Doc. # 20).[2]  On June 8, 2007, Gray filed a Third-Party Complaint against Hwashin and Gray's subcontractors and claims that these parties caused the roof collapse. (06-cv-1158, Doc. # 26).  On June 25, 2007, Gray brought this action to recover payment for the post-collapse repairs.

Rule 42(a) allows the Court to consolidate actions pending before it that "involve a common question of law or fact." Fed. R. Civ. P. 42(a).  This rule codifies the district court's "inherent managerial power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (quoting *In re Air Crash Disaster at Florida Everglades*, 549 F.2d 1006, 1012 (5th Cir.1977)). Consolidation under Rule 42(a) is purely within the discretion of the district court, and the court should consider the following factors:

> Whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

---

[2] On June 29, 2007, Hwashin moved for leave to file an Amended Complaint in Intervention. (06-cv-1158, Doc. # 55-1).  Hwashin seeks to add claims against Gray and its subcontractors for damage to Hwashin's facility as a result of their allegedly negligent construction. (06-cv-1158, Doc. # 55-2).

3

*Id.* (quoting *Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir.1982)).

With respect to cases involving Gray and Hwashin, the issue of who caused the roof collapse is central to resolving both disputes. In this case, Hwashin potentially is not liable for the repairs if Gray was responsible for the roof collapse. With respect to Gray's Third Party claims against Hwashin in the *Piggott* case, Hwashin potentially is liable to Gray if Hwashin created a condition that caused the roof collapse. The risk of inconsistent factual findings with respect to the causation of the roof collapse is significant because there are many parties – Gray, Gray's subcontractors, and Hwashin – that could have caused the collapse. The burden on the parties, witnesses, and judicial resources would be significantly greater if the issue of causation had to be determined in two cases because the parties would most likely need expert testimony on technical matters.

Accordingly, it is hereby ORDERED as follows:

(1) Defendant Hwashin America Corporation's ("Hwashin") Motion to Dismiss or, in the Alternative, Motion to Consolidate (Doc. # 6) is GRANTED.

(2) The above-referenced cases are consolidated for all purposes, including trial, pursuant to Rule 42 of the Federal Rules of Civil Procedure. *Piggott et al. v. Gray Construction, Inc. et al.*, 2:06-cv-1158, is hereby designated as the lead case.

(3) The Clerk of the Court is hereby DIRECTED to docket and place of copy of this Memorandum Opinion and Order in both *Piggott et al. v. Gray Construction, Inc. et*

*al.*, 2:06-cv-1158, and *Gray Construction, Inc. v. Hwashin America Corporation*, 2:07-cv-584.

(4) All future filings shall bear the consolidated caption on this Memorandum Opinion and Order, but shall only be filed in the lead case, *Piggott et al. v. Gray Construction, Inc. et al.*, 2:06-cv-1158.

Done on this the 25th day of February, 2008.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE